## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ELIZABETH LAIRD GAREY-JONES,

       Plaintiff,

v.                                          CV 14-199 JCH/WPL

LES LOUISIANA ENERGY SERVICES,
LLC, d/b/a URENCO USA,

       Defendant.

### ORDER DENYING GAREY-JONES'S MOTION TO EXTEND DISCOVERY

This matter is before me on pro se Plaintiff Elizabeth Laird Garey-Jones's ("Garey-Jones") motion to extend discovery. (Doc. 48.) Defendant LES Louisiana Energy Services, LLC ("LES"), filed a response opposing the motion (Doc. 49), and Garey-Jones filed a reply (Doc. 50). After having considered the briefing, the facts, and the relevant law, I deny Garey-Jones's motion to extend discovery.

### FACTUAL & PROCEDURAL BACKGROUND

Garey-Jones filed this case on March 3, 2014. (Doc. 1.) The presiding judge referred the case to me to conduct any hearings and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. (Doc. 22.) I held a Rule 16 initial scheduling conference on May 28, 2014 (Doc. 23), and entered a scheduling order the same day (Doc. 24). The termination date for discovery provided in the scheduling order is December 18, 2014. (Doc. 24 at 1.) On May 29, 2014, I entered a stipulated protective order (Doc. 27) to protect certain disclosures that might be made during the discovery process.

On September 4, 2014, I held a status conference and asked about how discovery was proceeding. (Doc. 41.) At that time, LES had taken Garey-Jones's deposition. (*Id.*) Both parties informed me that neither party intended to take additional depositions or pursue further written discovery. (*Id.*) LES informed me that it would file a dispositive motion soon (*id.*), and it filed a motion for summary judgment the next day (Doc. 42).

On December 1, 2014, I filed a Proposed Findings & Recommended Disposition ("PFRD"), recommending that the Court grant summary judgment as to certain claims and deny summary judgment as to others. (Doc. 46.) LES filed objections to the PFRD on December 15, 2014. (Doc. 47.) Garey-Jones did not file objections. On December 8, 2014, Garey-Jones sent an email to LES, informing LES that she would subpoena certain documents and electronically stored information and that she would begin deposing witnesses on her behalf. (Doc. 49 Ex. 1 at 2.) She stated that the Court "found merit and factual validity in two of [her] claims and recommended" denial of summary judgment as to those claims. (*Id.*) Garey-Jones further wrote: "Therefore, I am notifying you that I am proceeding with my preparation for our public Jury Trial." (*Id.*) As such, Garey-Jones needed the documents and depositions.

LES responded by email the next day that it opposed any attempt to reopen discovery. (*Id.* at 1.) LES noted that Garey-Jones stated at the status conference that she would not seek further depositions or written discovery and that, based on this representation, it filed its motion for summary judgment early. (*Id.*) Further, LES asserted that any written discovery would be untimely because LES would not have thirty days before the close of discovery to produce documents. (*Id.*) On December 17, 2014, one day before the discovery deadline, Garey-Jones filed her motion to extend the discovery deadline.

**LEGAL STANDARDS**

A court may modify a scheduling order upon a showing of "good cause." FED. R. CIV. P.

16(b)(4); D.N.M.LR-Civ. 16.1. "Demonstrating good cause under the rule 'requires the moving

party to show that it has been diligent in attempting to meet the deadlines, which means it must

provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th

Cir. 2009) (unpublished) (citations omitted). While there is no rigid requirement to which a trial

court must adhere when deciding whether to grant a motion to reopen or extend discovery, courts

in the Tenth Circuit have considered a combination of the following six factors in making a

determination:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the
> non-moving party would be prejudiced, 4) whether the moving party was diligent
> in obtaining discovery within the guidelines established by the court, 5) the
> foreseeability of the need for additional discovery in light of the time allowed for
> discovery by the district court, and 6) the likelihood that the discovery will lead to
> relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted). Ultimately, the

decision to grant or deny such motion is committed to the trial court's discretion. *Id.*

Because Garey-Jones proceeds pro se, I construe her pleadings liberally and hold them to

a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City

of Las Cruces, N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a

pro se litigant's "failure to cite proper legal authority, [her] confusion of various legal theories,

[her] poor syntax and sentence construction, or [her] unfamiliarity with pleading

requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)

(quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the

3

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

**DISCUSSION**

Garey-Jones requests a sixty to ninety day extension of the discovery deadline in order to subpoena certain documents for trial. (*See* Doc. 48 at 3-4.) Garey-Jones lists the documents she wishes to request from LES. (*See id.*) Garey-Jones states that she previously listed the documents that she would need for trial in the Joint Status Report and Provisional Discovery Plan. (*See* Doc. 15.) She further states that she provided a list of required documents in her initial disclosures on May 1, 2014. As to her assertion at the status conference that she would not pursue further written discovery, Garey-Jones claims that she "did not think she was agreeing *to never* request documents from the Defendant for trial." (Doc. 48 at 2 (emphasis in original).) Instead, Garey-Jones states that it was only the deposition of witnesses that she did not need.[1]

LES argues that Garey-Jones never served any written discovery requests during the discovery period and that Garey-Jones has failed to establish good cause to modify the scheduling order. In particular, LES contends that Garey-Jones failed to show diligence due to her failure to serve written discovery during the discovery period. LES also asserts that it would be prejudiced by an extension of discovery because it would not have filed its motion for summary judgment before the discovery deadline had Garey-Jones stated that she would engage in further discovery.

While Garey-Jones argues that she listed the documents she needed LES to produce in the Joint Status Report and in her initial disclosures, Garey-Jones provides no evidence that she

---

[1] Garey-Jones's December 8, 2014, email stated, "I will also begin deposing several witnesses on my behalf. I need to know the earliest possible dates you can be present for these depositions so I may reserve Star Wiggins Reporting Agency." (Doc. 49 Ex. 1 at 2.) However, on December 10, 2014, Garey-Jones concluded in a subsequent email, "I don't need to depose my witnesses." (Doc. 50 Ex. 1 at 6.)

4

complied with the requirements of Federal Rule of Civil Procedure 34(b)(1) for requests for production. This provision describes the contents that must be included in a written request for production. "Good cause . . . require[s] at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Montoya v. Sheldon*, 286 F.R.D. 602, 610 (D.N.M. 2012). I will not excuse Garey-Jones's ignorance of Rule 34 because she is pro se.

I also fail to find good cause, encompassing the required diligence, where Garey-Jones informed me at the status conference that she would not be conducting written discovery, yet attempted to change her strategy just ten days before the discovery deadline, after reading the PFRD. I find unpersuasive Garey-Jones's argument that "[t]he documentation listed in [the] Complaint, Initial Disclosure, Joint Status Report, and Provisional Discovery Plan are extremely important and needed for trial or [she] would not have listed them." (Doc. 48 at 2.) There does not exist good cause to modify a scheduling order "where the [party] did not conduct discovery or make any good faith discovery requests, and where the [party] did not make efforts 'diligent or otherwise' to conduct discovery." *Montoya*, 286 F.R.D. at 610 (quotation omitted). That I did not recommend summary judgment on all claims against LES is not an adequate explanation for Garey-Jones's long delay in seeking any written discovery—either properly under Rule 34 or otherwise.

While no trial has been set, Garey-Jones's motion is opposed, and LES would be prejudiced by the extension. The dispositive motions deadline set out in the scheduling order is January 13, 2015—two weeks after the termination of discovery. (Doc. 24 at 2.) Yet LES filed its motion for summary judgment on September 5, 2014, the day after the status conference at which Garey-Jones asserted that she would seek no further written discovery. (*See* Docs. 41, 42.)

Allowing Garey-Jones to reopen discovery at a later date because the Court has recommended that she survive summary judgment on certain claims would prejudice LES. I also note that, while the documents requested might lead to relevant evidence, the time provided by the Court for discovery should have been adequate, and no circumstances throughout the pendency of this case indicated a foreseen need for additional discovery after the termination date set forth in the scheduling order.

### Conclusion

For the foregoing reasons, I agree with LES that Garey-Jones has failed to show good cause why I should grant an extension of time to complete discovery. Accordingly, I DENY Garey-Jones's motion. Given the discovery deadline of December 18, 2014, discovery is now complete.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.